BOWEN, Judge
(concurring in the result).
In order for evidence derived from a search of the vehicle in which appellant was a passenger to be properly admitted into evidence, “this evidence must have been constitutionally obtained.” See Ash v. State, 424 So.2d 1381, 1383 (Ala.Cr.App.1982); Ala.Code 1975, § 12-15-66(b).
The evidence was constitutionally obtained because the search was justified under the principles of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), Alabama v. White, — U.S. -, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), and Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).
Terry and White authorized the initial stop of the vehicle on reasonable suspicion stemming from the complaint of a citizen-witness. Michigan v. Long authorized the search of the “passenger compartment of [the] automobile, limited to those areas in which a weapon may [have] be[en] placed or hidden.” 463 U.S. at 1049, 103 S.Ct. at 3481. In Long, the Supreme Court held that such a vehicle search
“is permissible if the police officer possesses a reasonable belief based on ‘specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant’ the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. See Terry, 392 U.S., at 21 [88 S.Ct. at 1879-80]. ‘[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.’ Id., at 27 [88 S.Ct. at 1883].”
Michigan v. Long, 463 U.S. at 1049-50, 103 S.Ct. at 3481.
Given the facts that a pat-down of appellant revealed five bullets, that appellant fled when asked “where the gun was,” and that the officer was left with the driver of the vehicle, who could have gained access *1035 to a weapon inside the car, this officer was “warranted in the belief that his safety ... was in danger.”
The cocaine found during a search of the car’s interior was admissible because
“[i]f, while conducting a legitimate Terry search of the interior of the automobile, the officer should, as here, discover contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances.”
Michigan v. Long, 463 U.S. at 1050, 103 S.Ct. at 3481.